UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHAVEZ, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>GOLDEN STATE FC, LLC, et al.,<br><br>   Defendants. | Case No.  15-cv-02186-KAW<br><br>**ORDER GRANTING STIPULATION OF DISMISSAL**<br><br>Re: Dkt. No. 13 |

On June 26, 2015, the parties to the above-captioned case filed a "Stipulation for an Order Dismissing Entire Action," Dkt. No. 13, seeking dismissal of the individual named plaintiff's claims with prejudice and dismissal of the class claims without prejudice.

Because the parties did not address the factors set forth in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), the Court ordered the parties to file a brief addressing those factors, along with any declarations that would satisfy the Court that dismissal is appropriate in this case. (July 17, 2014 Order, Dkt. No. 17.) On July 24, 2015, the parties filed their brief, along with a declaration from J. Jason Hill, co-counsel for the named plaintiff and the prospective class. (Supp. Br., Dkt. No. 13; Hill Decl., Dkt. No. 18-1.)

Federal Rule of Civil Procedure 23(e) states that the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Ninth Circuit has extended this court approval requirement to settlements made before a class has been certified. *Diaz*, 876 F.2d at 1408. It has stressed, however, that a "court's duty to inquire into a settlement or dismissal differs before and after certification" because, before certification, the risk of prejudice to absent class members is significantly lower. *Id.* (noting that pre-certification dismissals do not require "the kind of substantive oversight required when

reviewing a settlement binding upon the class").

To determine whether pre-certification settlement or dismissal is appropriate, the court must inquire into possible prejudice resulting from:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Diaz*, 876 F.2d at 1408.

Having reviewed the parties' submission, the Court finds that the risk of possible prejudice to potential class members is slight, if not non-existent. First, Mr. Hill is not aware of any significant news coverage regarding this case, and he has not received any inquiries from potential class members.  *(Id.)*  Under these circumstances, the Court finds that it is unlikely that potential class members knew about this action and relied on it for vindication of their own rights. Second, the parties seek to dismiss the class claims without prejudice, which would allow any absent class members to assert their own claims in a separate action. The class action tolling doctrine ensures that these claims would not be time-barred. *See Lyons v. Bank of America, N.A.*, No. C 11-1232 CW, 2012 WL 5940846, at * 2 (N.D. Cal. Nov. 27, 2012) (citations omitted). Third, "[n]o consideration or settlement was made, and neither [the named plaintiff] nor any of the proposed class counsel received any money for the voluntary dismissal," *see* Hill Decl. ¶ 5, which diminishes any risk that dismissal is sought to further the interests of the class representative or counsel.

For the reasons set forth above, the Court GRANTS the parties' stipulation. The named plaintiff's individual claims are DISMISSED WITH PREJUDICE. All class claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: 07/27/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge